UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESLAM HASSAN,                                              :

                         Plaintiff,                           :

                -against-                                   :   **REPORT AND RECOMMENDATION**

C.O. JOHN DOE, et.al.,                                   :   19-CV-6424 (VEC) (KNF)

                   Defendants.                         :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/16/2020__

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Eslam Hassan ("Hassan"), proceeding pro se, commenced this action, pursuant to 42 U.S.C. §1983, seeking damages and asserting deliberate indifference to his serious mental illness and the use of excessive force while he was detained at the Anna M. Kross Center ("AMKC") jail facility on Rikers Island, from June 28 to July 2, 2016, and July 31 to August 2, 2016. On August 13, 2019, your Honor directed the New York City Law Department, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), to ascertain, on or before October 12, 2019, the identity of the "John Doe" defendants named in this action and "provide this information to plaintiff and the Court." Docket Entry No. 10. On December 13, 2019, the Court noted that the docket sheet maintained by the Clerk of Court for this action did not reflect that the required identity information was filed with the court and directed the New York City corporation counsel "to comply with the Valentin order" on or before December 23, 2019. Docket Entry No. 20. In a separate order, dated December 13, 2019, the Court noted that Carlos Heredia ("Heredia"), Monica Stahlmann ("Stahlmann"), Warren Bush ("Bush") and Flore Marie Menardy

1

("Menardy") had been served with the summons and complaint but failed to respond and directed the plaintiff "to review Rule 55 of the Federal Rules of Civil Procedure and proceed accordingly." Docket Entry No. 21. Thereafter, the plaintiff made a motion for a judgment by default. Docket Entry No. 25. Stefano Perez ("Perez"), an assistant corporation counsel, filed a letter opposing the motion and requesting an extension of time until February 21, 2020, nunc pro tunc, to comply with the Valentin order. Docket Entry No. 29. Inasmuch as Perez did not represent Heredia, Stahlmann, Bush and Menardy "and may never do so," the Court denied the request as improper and directed that counsel to the City of New York "may satisfy that portion of Docket Entry No. 10 that pertains to Valentin on or before February 21, 2020." Docket Entry No. 30. Before the Court are: (1) the plaintiff's motion for a judgment by default, pursuant to Rule 55 of the Federal Rules of Civil Procedure; and (2) the defendants' motion to vacate the default, pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S MOTION FOR A JUDGMENT BY DEFAULT

The plaintiff asserts that the summons and complaint have been served on Heredia, Stahlmann, Bush and Menardy, who failed to answer or make a motion, and the time for doing so elapsed. Moreover, the August 13, 2019 Valentin order has been served on the New York City Law Department, which failed to comply with it as directed. Since the defendants failed to comply with the court's orders and the defendants who have been served defaulted, without seeking additional time to answer or move with respect to the complaint, granting a judgment by default is warranted, including awarding damages to the plaintiff for his pain and suffering in the amount of one million dollars.

In support of his motion, Hassan submitted a declaration, asserting that the basis for his damages is "future pain and suffering, scarring and the disfigurements and sustaining physical

pain, personal and psychological pain, mental and emotional anguish and distress," and a high probability exists that he will "require specialist care, therapy, therapeutic, hospitalization." Hassan requests "future medical expenses, including the interest on matter herein, with fees and costs" in the amount of one million dollars, "with interest at 80%," making the total amount of damages $1,800,000.

## DEFENDANTS' MOTION TO VACATE DEFAULT

The defendants assert that their default should be vacated because: (1) their failure to respond to the complaint was not willful or in bad faith; (2) they have a meritorious defense; and (3) the plaintiff has not been prejudiced. The defendants contend that their failure to respond timely was a result of inadvertence because they understood, erroneously, that their conversation with Perez prior to service of the summons and complaint on them "meant that they were being represented in this action by counsel, and were under the impression that their responsibilities as named defendants in this action were being fully met and had no reason to believe otherwise. Defendants unfortunately learned that they were in fact not formally represented until February 13, 2020." According to the defendants, their failure to timely respond "was occasioned by defense counsel's failure to check the Court docket to determine whether service had been effected" due to his busy schedule and lack of diligence. Once counsel "learned of the Court's Orders and deadlines that he had missed, and of plaintiff's motion for default judgment against these four defendants, he acted expeditiously and in good faith by filing a letter with the Court on February 3, 2020 explaining the situation and seeking relief." After Perez's representation of the defendants started on February 13, 2020, the defendants, "with the Court's permission, interposed an answer on their behalf on February 21, 2020," five months after it was due.

3

The defendants assert that they have a meritorious defense, namely, that the complaint fails to state a violation of any federal or constitutional rights. At the time alleged in the complaint, Heredia asserts that he served as a mental health clinical supervisor at AMKC and he did not see, treat or have any personal interaction with Hassan. Stahlmann contends that she served as a mental health clinician at AMKC and never treated or had personal interaction with Hassan. Bush asserts that he was a licensed mental health clinician in the intake area at AMKC and had only one interaction with Hassan, on February 6, 2016. Menardy contends that she was a licensed psychiatric nurse at AMKC and had only one interaction with Hassan. To the extent that Hassan's claims can be construed as medical malpractice claims, they must fail because Hassan did not file a timely notice of claim. According to the defendants, they are entitled to qualified immunity because Hassan cannot establish that they violated any federally protected and clearly established right. The defendants contend that Hassan has not been prejudiced as a result of their conduct, since the initial conference has not yet occurred and the defendants are prepared to move forward with the litigation. Furthermore, the defendants' delay in responding to the complaint has been remedied by the filing of their answer, on February 21, 2020, "and their willingness to adhere to Court orders and to timely proceed with the litigation." Permitting Hassan to recover damages based on default would visit a harsh and unfair result on the defendants.

In support of their motion, the defendants submitted Perez's declaration. Perez states that, "[s]ometime in early September 2019," he conferred with the defendants, discussed the allegations in the complaint and "indicated that service was imminent." However, Perez did not realize "that service had been effected" on the defendants in September and October 2019, making their answers due in October and November 2019, and his "failure to check the docket,

albeit inadvertent and not in bad faith, resulted in the expiration of defendants' deadlines to answer the Complaint." According to Perez, "[a]t the time, I was handling seven other federal civil rights actions pending in the Southern and Eastern District of New York brought by plaintiff, whereby he similarly alleged that his constitutional rights were violated while in the custody of the New York City Department of Correction, and I was in the process of investigating plaintiff's allegations and attempting to identify the individuals that plaintiff named as defendants in those matters as well." Perez asserts that "as a recently admitted attorney," he "became overwhelmed, confused deadlines in plaintiff's other actions, and did not diligently check the docker in this action as [he] should have done." Perez asserts that, "when I learned of the Court Orders and deadlines that I had missed, I acted expeditiously and in good faith by filing a letter with the Court on February 3, 2020 explaining the situation and seeking relief. On February 13, 2020, I officially assumed the representation of defendants Heredia, Stahlmann, Bush and Menardy," and "with the Court's permission, filed an answer on February 21, 2020. The extended date for responding to the Court's Valentin Order is March 23, 2020." Attached to Perez's declaration and in support of the defendants' arguments are Exhibit A, Heredia's declaration, Exhibit B, Stahlmann's declaration, Exhibit C, Bush's declaration and Exhibit D, Menardy's declaration. Each defendant states that, prior of the service of the summons and complaint, each had a conversation with Perez who advised that service was imminent, and understood that each "was being represented in this action by counsel." Each defendant states: "I unfortunately learned that I was in fact not formally represented until February 13, 2020."

## LEGAL STANDARD

Unless the plaintiff's claim is for a sum certain,

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general

5

>guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.
>
>Fed. R. Civ. P. 55(b)(2).

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the reasons that include "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "When deciding whether to relieve a party from default or default judgment, [courts] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). "[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," which is not unlimited, and "[t]he circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

## APPLICATION OF LEGAL STANDARD

Although the plaintiff made a motion for a judgment by default, that motion is opposed by the defendants' motion to vacate their default under Rule 55(c) and Rule 60(b). Since no judgment by default had been entered in this action at the time of the defendants' motion, the defendants' motion to vacate the default is analyzed properly under the good cause standard of Rule 55(c).

The evidence submitted in support of the defendants' motion shows that the defendants' failure to answer the complaint timely was not due to their willful inaction; rather, it was due solely to the lack of diligence and failure of their counsel to discharge his duties timely and properly. Perez admits that he lacked diligence, failing to act timely, but explains that his failures are due to the fact that he was "a recently admitted attorney" who, at the time the defendants' answers were due in October and November 2019, "was handling seven other federal civil rights actions pending in the Southern and Eastern District of New York brought by plaintiff" and "became overwhelmed, confused deadlines in plaintiff's other actions" and "did not check the docket in this action as was expected of him." Although Perez did not identify the seven cases he was handling at the time the defendants' answers were due in this action or the date when he was admitted to the New York bar, the Court notes that, as "a recently admitted attorney," Perez, an assistant corporation counsel, should have been, but was not, supervised adequately and properly by his superiors. While the Court does not condone Perez's lack of diligence and failures in this case, including the failure to comply with the Court's orders, the Court puts the City of New York Law Department on notice that such lack of diligence and failures, including the failure to supervise adequately and properly "recently admitted" attorneys,

7

will be scrutinized more closely by the Court in the future when determining good cause under Rule 55.

The defendants appear to assert, as their defenses, lack of personal involvement in the alleged violations and the lack of a notice of claim concerning any negligence allegations, and they argue that qualified immunity applies. The Court finds that meritorious defenses exist that have been asserted by the defendants. The defendants have answered the complaint, albeit belatedly, and they are ready to proceed with the action on the merits. The action is at the early stages of litigation. The plaintiff did not assert any prejudice from the defendants' delay in answering the complaint. The Court finds that the defendants established good cause to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) the plaintiff's motion for a judgment by default, Docket Entry No. 25, be denied; and (2) the defendants' motion to vacate the entry of default, Docket Entry No. 47, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and an additional ten days, on account of any delay caused by the COVID-19 pandemic, for a total of **twenty-four (24) days from service of this Report** to **file written objections.** Such objections, and any responses to objections, shall be filed with the Clerk of Court. Any requests for an extension of time for filing objections must be directed to Judge Caproni. *Failure to file objections within twenty-four (24) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to the plaintiff.**

Dated:  New York, New York  
        June 3, 2020

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

The Court adopts Magistrate Judge Fox's Report and Recommendation (the "R&R") in full.  No party has submitted objections, thus the Court reviews the R&R for clear error.  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).  After careful review, the Court finds none.  Vacating the defaults of Defendants Heredia, Stahlmann, Bush, and Menardy is warranted in this case.

Because the R&R gave the parties adequate warning, *see* R&R at 8, Plaintiff's failure to file adequate objections to the R&R precludes appellate review of this decision.  *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).  Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to close the open motions on docket entries 25 and 47 and note that Chambers has mailed a copy of this order to Plaintiff.

SO ORDERED.

*Valerie Caproni*  
7/16/2020

HON. VALERIE CAPRONI  
UNITED STATES DISTRICT JUDGE